**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Gabriel RUVALCABA,
Defendant–Appellant.**

No. 06–50256.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed Feb. 16, 2007.

Roger W. Haines, Jr., Esq., Joseph S. Green, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

by Ninth Cir. R. 36–3.

Zandra L. Lopez, Esq., FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: CANBY and THOMAS, Circuit Judges, and CONLON *, Senior Judge.

## MEMORANDUM **

Juan Gabriel Ruvalcaba appeals his conviction for importation of marijuana in violation of 21 U.S.C. §§ 952, 960. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

The sole issue in this appeal is whether the district court erred in denying Ruvalcaba's motion to suppress evidence—consisting of 21.02 kilograms of marijuana—obtained at a search at the United States/Mexico border.

In determining whether a border search is so unreasonably destructive or offensive to require reasonable suspicion, we consider: "(1) Did the search damage the vehicle in a manner that affected the vehicle's safety or operability, and (2) Was the search conducted in a particularly offensive manner." *United States v. Cortez–Rivera*, 454 F.3d 1038, 1042 (9th Cir.2006). Ruvalcaba alleges on appeal that customs agents ripped apart the back seat of his car, affecting its safety and operability, without reasonable suspicion. If true, then the search would be problematic, as the government properly conceded at oral argument. However, the district court made specific factual findings supported by the record that the initial search was nondestructive, and supported by reasonable suspicion. Specifically, a narcotics-sniffing canine alerted officials to the rear seat of the vehicle. The officer tapped the backseat, finding it "solid to the touch." The officer testified that he "pulled the seat up," finding a package that subsequently tested positive for marijuana. He then opened the rest of the backseat and removed four more packages of marijuana.

The mere lifting of the backseat of the vehicle did not require reasonable suspicion; any conduct thereafter most certainly was predicated on reasonable suspicion. *Cf. Hernandez*, 424 F.3d at 1056, 1059 n. 5 (holding: (1) an initial search of a vehicle, which involved gently pulling back the interior panels of the doors, did not require reasonable suspicion and (2) after finding a suspicious package from that initial search, the agents had "ample suspicion to justify the further removal of, or damage to, the door panels, glove box, and other components of the vehicle, in an effort to locate additional stashes of marijuana").

The district court's factual findings were not clearly erroneous, and the initial search was supported by reasonable suspicion. The district court did not err in denying the suppression motion.

**AFFIRMED.**

---

* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.